UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _10-21-16_

LIDYA MARIA RADIN,

                Petitioner,

-against-

MAGISTRATE JUDGE DEBRA FREEMAN; ASSISTANT UNITED STATES ATTORNEY STEPHANIE LAKE AND HER SUPERVISOR(S),

                Respondents.

16-CV-6307 (ALC)

ORDER OF DISMISSAL

ANDREW L. CARTER, JR., United States District Judge:

Petitioner Lidya Radin, appearing *pro se* and having paid the filing fee, brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, seeking to have pending criminal charges against her dismissed for lack of jurisdiction. The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from

COPIES MAILED

compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

On August 3, 2016, Petitioner was charged by misdemeanor information with the simple assault of a Court Security Office, disorderly conduct, and failure to comply with signs and the lawful direction of federal officers and other authorized individuals on federal property, and presently has a pending criminal case before the Court. *United States v. Radin*, No. 16-CR-0528 (UA) (ECF No. 1). On August 10, 2016, Petitioner failed to appear for a pretrial conference in her pending criminal case, and instead submitted this petition for a writ of *habeas corpus*. *Id.* (ECF No. 2.) Petitioner brings this petition naming Magistrate Judge Debra Freeman and Assistant United States Attorney Stephanie Lake as Respondents and asserting that the Court lacks jurisdiction to proceed against her in the criminal matter. In particular Petitioner asserts the following:

> I am petitioning this court to stop Debra Freeman and Stephanie Lake and her supervisor(s) from taking any further action against Me because ***the district court and the prosecutor never took proper steps to acquire jurisdiction at the very beginning***, such that there is **no** legal basis for this criminal prosecution against Me.

(Pet. ¶ 5 (emphasis in the original).) Petitioner further asserts that the "criminal proceeding against [her] from the very first step was unlawful and is null and void," because she is "innocent of any wrong-doing." (Id. ¶¶ 6, 10.)

## DISCUSSION

**A.    Improper §2241 Petition**

Petitioner may not invoke the procedural safeguards of 28 U.S.C. § 2241 to challenge the validity of federal criminal proceedings against her. Challenges to federal custody, including attacks to the validity of a conviction or the court's jurisdiction must be brought under 28 U.S.C.

2

§ 2255. *See Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). "With the enactment of 28 U.S.C. § 2255 . . . Congress restricted the exercise of § 2241 jurisdiction, such that federal prisoners challenging the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. § 2255, with § 2241 petitions generally reserved for challenges to the execution of a federal prisoner's sentence." *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003) (internal quotation marks and citations omitted) (emphasis in original). Federal petitioners may bring § 2241 petitions to challenge "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).

Because petitioner is clearly challenging the pending criminal prosecution, the petition is best construed as a § 2255 motion. *See Burgos v. Bly*, No. 9:14-CV-0385, 2014 WL 1451622, at *2 (N.D.N.Y. Apr. 14, 2014); *Zuniga v. Sposato*, No. 2:11-CV-1045, 2011 WL 13336396, at 2 (E.D.N.Y. Apr. 7, 2011); *United States v. Gonzalez*, No. 0-CR-447 (DLC), 2001 WL 987866, at * 2 (S.D.N.Y. Aug. 30, 2001). The Court declines, however, to construe the petition as a § 2255 motion because such construction would require the Court to give Petitioner notice of the recharacterization and provide her with an opportunity to withdraw the motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003). Further, any such construction would be futile. Petitioner has not yet been tried, much less sentenced, and therefore any motion under § 2255 would be premature.[1] *See Burgos*, 2014 WL 1451622, at *2; *Zuniga*, 2011 WL 13336396, at 2;

---

[1] A petitioner may bring a petition under § 2241 seeking relief from a federal conviction or sentence if he can show that § 2255 is "inadequate or effective to test the legality of his detention." 28 U.S.C. § 2255(e); *Cephas*, 328 F.3d at 104; *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997). The fact that Petitioner must wait until she has been convicted and sentenced

3

*Gonzalez*, 2001 WL 987866, at * 3. If Petitioner is ultimately convicted and sentenced, she may bring a § 2255 motion at that time.

### B.  Petitioner Not In Custody for § 2241 Relief

Even if Petitioner could seek relief under § 2241, the Court does not have jurisdiction to consider this application. A federal court has jurisdiction to consider a petition for a writ of *habeas corpus* under § 2241 only from those who are "in custody" within the meaning of. § 2241. *Habeas corpus* is not restricted only to situations in which the applicant is in actual, physical custody, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300 (1984), but is available so long as a petitioner suffers from substantial restraints not shared by the general public, *see, e.g., Maleng v. Cook*, 490 U.S. 488, 491 (1989); *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). Courts have allowed state petitioners on bail, parole, supervised release, and those released on their own recognizance who are subjected to restraints to pursue such petitions. *See Hensley*, 411 U.S. at 351 (holding that a petitioner who has been released on his own recognizance pending execution of his sentence is "in custody" because he is "subject to restraints not shared by the public generally"); *Lydon*, 466 U.S. at 300–01 (Petitioner released on own recognizance following vacation of conviction while applying for trial de novo met "in custody" requirement.); *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir.2006) ("Post-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be 'custody.'"); *United States v. Arthur*, 367 F.3d 119, 121 (2d Cir. 2004) (Court had jurisdiction to review § 2241 petition challenge to BOP policy brought by prisoner then on bail.)

Petitioner asserts that she is "subject to restraints on [her] liberty not shared by the public generally," citing to *Jones v. Cunningham*, 371 U.S. 236 (1963), and *Lydon*. (Pet. at 5.)

---

to bring a § 2255 motion does not render § 2255 "inadequate or ineffective." *Zuniga*, 2011 WL 13336396, at 2 (collecting cases); *Gonzalez*, 2001 WL 987866, at *3.

4

Petitioner is not, however, "in custody." Petitioner is not in imprisoned or detained and she does not allege any fact suggesting that she "suffer[s] such a curtailment of liberty as to render [her] 'in custody.'" *Simmonds v. I.N.S.*, 326 F.3d 351, 354 (2d Cir.2003) (citing *Jones*, 371 U.S. at 239–40). In contrast to the petitioner in *Jones*, Petitioner is not on parole; nor is she subject to restraints placed on her liberty after the vacatur of a conviction like the petitioner in *Lydon*. The fact that Petitioner is a defendant in a pending criminal matter is insufficient to satisfy the "in custody" requirement. Federal *habeas* jurisdiction cannot attach to a criminal defendant merely because her "freedom to come and go as [she] pleases is limited in some way in connection with a criminal proceeding." *Lydon*, 466 U.S. at 337 (O'Connor, J., concurring). A petitioner's connection with an ongoing trial is not sufficient to establish custody, "even when the proceedings themselves or the underlying charge are constitutionally defective." *Id*. Because Petitioner does not meet the "in custody" requirement, the petition under § 2241 must be denied.

Accordingly, this action is dismissed. If Petitioner wants to litigate the claims raised in this petition or raise objections to the ongoing criminal proceedings, she should file the appropriate motion in the criminal action.

## CONCLUSION

For the reasons stated, the petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 21, 2016
New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge